UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **CLIFFORD SINCLAIR MADISON,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | ) Case No.: 7:22-cv-40-AMM-GMB |
| | ) |
| **STATE OF ALABAMA,** | ) |
| | ) |
| **Respondent.** | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the court on Petitioner Clifford Sinclair Madison's *pro se* habeas corpus action filed pursuant to 28 U.S.C. § 2254. Doc. 1. The Magistrate Judge entered a report recommending the dismissal with prejudice of the petition for writ of habeas corpus. Doc. 18. The Magistrate Judge gave the parties fourteen days to file objections to the report. *Id*. at 12. Mr. Madison filed a motion to file his objections out of time and included the substance of his objections in the motion. Doc. 21. The court has considered the objections. Thus the motion for extension is **GRANTED**.

Mr. Madison raises the following objections: (1) during the trial, he could not hear the testimony because of a hearing impairment and could not read documents because he was using broken glasses; (2) the police violated his Sixth Amendment right to counsel by using a paid informant; (3) the Alabama Court of Criminal

Appeals ("ACCA") "failed to answer about th[e] three other men previously arrested for the murder and the statements proving it"; (4) the "prosecution suppressed evidence that at least three other men were previously arrested for the crime . . . [and] that two of them had been identif[i]ed by eyewitnesses and that [the] cell[]mate of one . . . claimed that the suspect confessed to the crime[]"; (5) he "did not bring up any claims" because his counsel "was next door during [his] interrogation . . . [and] coer[]ced [him] into pleading guilty to an unlawful harassment charge"; (6) the trial court denied his counsel's motion to postpone trial so that he could adequately prepare; (7) the ACCA clerk advised him to let his lawyer handle the case because of his "lack of knowledge of applicable law and its procedures"; and (8) his appellate counsel was ineffective by failing to keep him apprised of the status of his appeal. Doc. 21 at 3–5.

Mr. Madison's objections do not undermine any of the Magistrate Judge's findings in the report and recommendation. Instead, he simply restates the arguments he made in his petition and response to the respondent's answer and raises new claims that were not alleged before his objections were filed. *Compare* Docs. 1 & 12 *with* Doc. 21. None of these objections undermine the Magistrate Judge's conclusion that the claims in the petition are unexhausted and procedurally defaulted.

Mr. Madison does not dispute that his claims are unexhausted. He did not raise any of the claims presented here in his direct appeal to the ACCA or to the Alabama Supreme Court, and he did not file a petition pursuant to Alabama Rule of Criminal Procedure 32. He also does not dispute that his claims are procedurally defaulted in that he cannot assert them in any subsequent Rule 32 petition because it would be untimely. Instead, he appears to argue that he should be excused from his procedural default for the eight reasons described above. But the Magistrate Judge already addressed many of these arguments and correctly reasoned that they do not establish cause and prejudice or actual innocence. Doc. 18 at 9–11. Further, because none of the additional claims were raised until his objections, the court will not consider these new issues. Mr. Madison has not presented any argument in his objections that changes this analysis.

For these reasons, Mr. Madison's objections are **OVERRULED**. Mr. Madison's claims are unexhausted and procedurally defaulted. He has not shown cause or prejudice, nor has he established that he is actually innocent of the crime for which he was convicted. And the court may not review the merits of procedurally defaulted claims. *See Gore v. Crews*, 720 F.3d 811, 816 (11th Cir. 2013) ("Under the doctrine of procedural default, a federal habeas court may not review the merits of a claim that is procedurally barred unless the petitioner can demonstrate cause for

the default and actual prejudice, or that he is actually innocent of his crime of conviction.").

After careful consideration of the record in this case and the Magistrate Judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that Mr. Madison's petition is due to be **DISMISSED WITH PREJUDICE**. A separate final judgment will be entered.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (cleaned up). The court finds that Mr. Madison's claims do not satisfy either standard.

**DONE** and **ORDERED** this 2nd day of March, 2023.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE